# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>     Plaintiff,<br><br>v.<br><br>Charles Joseph Caya,<br><br>     Defendant. | Case No. 15-cr-0107 (DSD/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

Katharine T. Buzicky, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for United States of America

Manvir K. Atwal, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for Charles Joseph Caya

HILDY BOWBEER, United States Magistrate Judge

  This case came before the undersigned United States Magistrate Judge for a pretrial motion hearing on June 4, 2015.  This case was referred for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.  The Court will address Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Doc. No. 19] in this Report and Recommendation.  The parties' nondispositive motions were addressed in a separate Order [Doc. No. 25].  As set forth below, the Court recommends that the motion to suppress evidence be denied.

## I.        Procedural Background

On April 8, 2015, a United States Grand Jury charged Defendant Charles Joseph

Caya by Indictment with one count of Distribution of Child Pornography, in violation of

18 U.S.C. § 2252(a)(2), (b)(1); and one count of Possession of Child Pornography, in

violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2).  (Indictment at 1-2 [Doc. No. 1].)

On May 6, 2015, Defendant filed a motion to suppress physical evidence seized pursuant

to a search warrant on the ground that the supporting affidavit did not establish probable

cause for the warrant.  (Def.'s Mot. Suppress at 1 [Doc. No. 19].)  The Government

opposed the motion.  (Gov't's Resp. at 5-6 [Doc. No. 20].)

The Court held a hearing on the motion to suppress on June 4, 2015, and the

Government introduced the search warrant and supporting affidavit into evidence as

Government Exhibit 1.  In lieu of presenting any specific oral or written argument on the

motion, Defendant rested on the record and asked the Court to conduct a "four-corners

review."

## II.       The Search Warrant and Supporting Affidavit

The search warrant at issue was signed on June 26, 2014, by the Honorable

Franklin L. Noel, United States Magistrate Judge.  (Gov't Ex. 1 at 1.)  Federal Bureau of

Investigation (FBI) Special Agent Glenn A. Moule provided the affidavit in support of

the warrant.  The Court recounts here only the most relevant facts set forth in the twenty-

three page affidavit.

Agent Moule's job responsibilities and training as an FBI agent include

investigating crimes involving the sexual exploitation of children.  (Gov't Ex. 1, Moule

2

Aff. ¶ 1.)  Through Agent Moule's experience and training, he knows that computers, the Internet, and other electronic devices have transformed how child pornography is distributed and utilized.  (*Id.* ¶¶ 6, 14.)  Individuals can use the Internet to access, send, and receive a wide variety of information through email and websites.  (*Id.* ¶ 6.) Individuals who are sexually attracted to children frequently use computers and the Internet to acquire, distribute, and store child pornography.  (*Id.* ¶ 16.)

On May 1, 2014, an undercover FBI agent, using a computer connected to the Internet, located another computer sharing files the agent believed to contain child pornography, based on matching keywords or hash value comparison searches.  (*Id.* ¶ 19.)  The agent downloaded a compressed file, which, when uncompressed, was found to contain 473 image files and 3 video files, the majority of which depicted child pornography.  (*Id.*)  The agent recorded the Internet Protocol (IP) address of the computer from which the files were downloaded as 216.114.231.170.[1]  (*Id.* ¶ 20.)  Agent Moule also viewed the files and confirmed the majority depicted child pornography.  (*Id.*)  On May 12, 2014, the downloaded files were provided to the Law Enforcement Services Portal of the National Center for Missing and Exploited Children, which confirmed that 472 of the 476 files depicted a previously identified victim.  (*Id.* ¶ 21.)

Information obtained through the American Registry of Internet Numbers showed that the IP address 216.114.231.170 was assigned to the Internet Service Provider (ISP) Hickory Tech/Enventis.  (*Id.* ¶ 22.)  By means of an administrative subpoena, Agent

---

[1]  An IP address is a unique number assigned to a computer when it accesses the Internet. (*Id.* ¶ 7.c.)  It provides a unique location, or address, for the computer during an online session.  (*Id.* ¶ 12.)

Moule learned that IP address 216.114.231.170 was accessed on May 1, 2014, by an account subscribed to by Chuck Caya, with an address of 1xx W. Serra Street, Mankato, Minnesota 56001, and a telephone number of (507) 388-17xx. (*Id.* ¶ 23.) Through further investigation, Agent Moule learned that 1xx West Serra Street was not a valid address, but 1xx Serra Street was. (*Id.* ¶ 24.) Public records revealed that Charles Joseph Caya was the resident and listed owner of 1xx Serra Street, Mankato, Minnesota 56001, and his telephone number was (507) 388-17xx. (*Id.* ¶ 25.) Defendant's driver's license also listed 1xx Serra Street, Mankato, Minnesota 56001, as his address. (*Id.* ¶ 26.) On June 3, 2014, Agent Moule conducted surveillance on 1xx Serra Street and saw two cars registered to Defendant parked in the driveway. (*Id.* ¶ 27.) Based on the foregoing, Agent Moule believed that evidence of or relating to child pornography would be found at 1xx Serra Street. (*Id.* ¶ 28 & Attachs. A, B.)

## III.   Discussion

The sole ground for suppression presented in Defendant's motion was that Agent Moule's affidavit did not provide probable cause for the warrant. The Court construes Defendant's request at the hearing for a "four-corners review" also as a challenge to probable cause. *See United States v. Edwards*, 180 F. App'x 618, 619 (8th Cir. 2006) (deciding whether "information within the four corners of the affidavit submitted in support of the search warrant application established probable cause"); *United States v. Leichtling*, 684 F.2d 553, 555 (8th Cir. 1982) (stating "only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause").

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV.  To that end, every search warrant must be supported by probable cause, supported by a sworn affidavit, and describe with particularity the place to be searched and the items or persons to be seized.  *Id.*  The task of a judge presented with a search warrant is "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  As the very term implies, probable cause "deal[s] with probabilities.  These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."  *Id.* at 231 (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)).

A court reviewing a previous determination of probable cause must give "great deference" to the issuing judge's assessment.  *Id.* at 236 (quotation omitted).  If the issuing judge "relied solely on the supporting affidavit to issue the warrant, 'only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.'"  *United States v. Etheridge*, 165 F.3d 655, 656 (8th Cir. 1999) (quotation omitted).  The affidavit must establish a "nexus . . . between the item to be seized and criminal behavior."  *Warden v. Hayden*, 387 U.S. 294, 307 (1967).  There must also be a nexus between the contraband and the place to be searched.  *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000).  "The requisite nexus between a particular location and contraband is determined by the nature of the

crime and the reasonable, logical likelihood of finding useful evidence." *Etheridge*, 165 F.3d at 657.

The Court finds here that Agent Moule's affidavit established probable cause to believe that evidence of child pornography would be located at the 1xx Serra Street residence. The affidavit described Agent Moule's training and experience in investigating child pornography and exploitation, and how computers and the Internet are used to acquire and store child pornography. The affidavit also described the undercover agent's investigation and discovery on May 1, 2014, of a compressed file depicting hundreds of images of child pornography involving verified victims. Agent Moule then explained in his affidavit how he linked the IP address from which the files were downloaded on May 1, 2014, to an account subscribed to by Chuck Caya. The address on the account was 1xx W. Serra Street, Mankato, Minnesota 56001, and the telephone number was (507) 388-17xx. Although 1xx *West* Serra Street was not a valid address, Agent Moule determined that 1xx Serra Street was an actual address, and that Charles Joseph Caya was the resident and owner of that address. The Court finds that this slight anomaly has no bearing on probable cause, given that there is no 1xx *West* Serra Street address and that Agent Moule established other connections between the account, Defendant, and 1xx Serra Street. In sum, the Court concludes there was a fair probability that contraband or evidence of a crime would be found at 1xx Serra Street.


Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence Obtained

as a Result of Search and Seizure [Doc. No. 19] be **DENIED**.


Dated:  June 9, 2015                    s/ *Hildy Bowbeer*_____
                                        HILDY BOWBEER
                                        United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.